UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

v.

Case No. 1:17-CR-00241-RM

KIRSTEN LIPPOLD,

MOVANT.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
OCT 19 2020
JEFFREY P. COLWELL
CLERK

## MOTION FOR COMPASSIONATE RELEASE UNDER SECTION 3582(c)(1)(A)

COMES NOW, Kirsten Lippold, Movant, Pro-Se and for this Motion states as follows:

1. Lippold was sentenced to 120 months incarceration.

2. Lippold was charged with 21:841(A)(1) and (B)(1)(C) Distribution of a mixture of substance containing a detectable amount on heroin resulting in death.

3. Lippold tested positive for COVID-19 on July 8, 2020.

4. Lippold faces reinfection which is now occurring at FMC Carswell.

5. Lippold has "extraordinary and compelling reasons"
   - Lippold positive for COVID-19
   - Brother dying
   - Other extraordinary and compelling reasons

6. Lippold met her administrative remedy

## Legal Framework

Under 18 U.S.C. Section 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant motion to reduce sentence on her imprisonment. Before filing that Motion, however, the defendant must first request that BOP file such a Motion on the defendant's behalf §3582(c)(1)(A). A court may grant the defendant's own Motion for a reduction in (his) Sentence only if the Motion was filed "after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a Motion on the defendant's behalf" or after 30 days have passed "from receipt of such a request by the Warden of the defendant's facility, whichever is earlier." Id.

If the exhaustion requirement is met, a Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. §3553(a)]" if the Court finds that (i) extraordinary and compelling reasons warrant such a reduction." and (ii) "such a reduction is consistent with applicable policy Statements issued by the Sentencing Commission." §3582(c)(1)(A)(i).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). That policy statement provides that a Court may reduce the term of imprisonment after considering § 3553(a) factors if the Court finds.

(i) "Extraordinary and Compelling reasons warrant the reduction."

(ii) "the defendant is not a danger to the safety of any person, or to the community, as provided in 18 U.S.C. §3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG §1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons"...

On September 25, 2020, the Second Circuit made an important decision in the Compassionate Release realm in Zullo. The Second Circuit ruled that anything can serve as extraordinary and compelling circumstance.

In Zullo defendant in 2010 was sentenced to a mandatory 10 years for a drug charge and a mandatory 5 years for a gun charge. The Court states at two separate sentencing hearings that the Court believed that the sentence was excessive. Zullo's sentence was affirmed on direct appeal and habeas review.

In 2019 Zullo sought compassionate release and filed a motion for a sentence reduction with the Court.

The Court denied Zullo's motion because the Court determined that Guideline 1B1.13 required a motion by the BOP. Zullo appealed to the Second Circuit.

In reaching their decision the Court first noted that the language in 3582(c)(1)(A)(i) included the following:

"if [the Court] finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ..."

The Second Circuit vacated the district Court's decision and remanded for further proceedings.

Lippold is at high risk under CDC guidelines for reinfection. She suffers from Bronchitis yearly, asthma, scoliosis and now suffers from skin cancer.

Reinfection is occurring at the FMC Carswell. Marie Neba from Carswell tested Positive July 3, 2020, then on August 4, 2020, according to a Newspress Ms. Neba was reported then eight days later rushed to the hospital and died showing positive for COVID-19 at the time of her death. (BOP PRESS RELEASE - INMATE DEATH AT FMC CARSWELL, August 26, 2020).

Another inmate at FMC Carswell, Read Forbes has been reinfected. Forbes tested positive for COVID on June 7, 2020; Negative on July 8, 2020 and Reinfected positive on July 17, 2020. Then the BOP reported her a falsely positive on August 4, 2020 only to rush her to the Emergency Room by ambulance on August 17, 2020 where she wasn't Only Positive but now has T-Wave Inversion Heart Damage from COVID. (See Read-Forbes, 10th Cir. Court of Appeals #20-3104 Sept. 3, 2020)

The COVID alone is an extraordinary and compelling reason under the case of Ledezma-Rodriguez, 2020 U.S. Dist. LEXIS 123539, July 14, 2020.

The case of Plank states reinfection is possible. Plank, No. 1:17-cr-00181-S1-1, 2020 WL 2512416 at *5 (D. Kansas July 2, 2020); 2020 3618858 *3.

Lippold has an Extraordinary and Compelling Reason under the discussed Burrage Case. Along with her Brother's situation.

Lippold's brother is dying of A-fib and has mini-strokes and has no care taker. Records will be forwarded once received.

Under the case of Ledezma-Rodriguez, 2020 U.S. Dist. LEXIS 123539, July 14, 2020; the virus has proven maddeningly difficult to contain to prison facilities. It is also undeniable that an imprisoned American is more likely to contract the COVID-19 than a free person. Thus, the presence of a once-in-a-hundred-years pandemic in or around Defendant's facility CUTS IN FAVOR OF HIS RELEASE.

United States v. Fleming, No. 2:17-cr-00362AB (C.D. Cal. June 24, 2020) order granting motion to COVID-19 defendant who BOP deemed recovered.

United States v. Davis, 2020 WL 3443400 (E.D. Cal. June 23, 2020) Order granting motion over government's argument that motion was moot because defendant already contracted COVID-19.

United States v. Plank, No. 17-20026-SWL, 2020 WL 3618858 *3 (D. Kansas July 2, 2020) noting Secondary Contracting of COVID-19 may be possible.

United States v. Scholler, No. 17-cr-00181-SI-1, 2020 WL 2512416 at *5 (N.D. Cal. May 15, 2020) "Parties agree that it remains unclear whether recovering from COVID 19 renders one immune from new infection"

United States v. Kelly, No. 3:13-CR-59-CWR, 2020 WL 2104241 (S.D. Miss. May 1, 2020) FCI Oakdale, granted despite defendant's "youth and lack of health issues."

U.S. v. Muniz, No. 4:09-cr-199, 2020 WL 1540325 at *1 (S.D. Texas 3-3-2020) Serving 188 month sentence in drug conspiracy in light of Vulnerability to COVID-19, recognizing "individuals housed within our prison system nonetheless remain particularly vulnerable to infection.

## Lippold's Extraordinary and Compelling

The case of Burrage is very much like the case of Lippold. Burrage was a Supreme Court case in which a unanimous Court held that a defendant cannot be liable for penalty enhancement provision of the Controlled Substances Act unless such use is a but-for-cause of death or injury, at least when the use of drug distribution by the defendant is not an independently sufficient cause of the victims death or serious bodily injury.

Marcus Burrage was arrested for distribution of Heroin and distribution of heroin resulting in the death of Joshua Banka. A jury found him guilty, and Burrage was sentenced to nearly 40 years in Prison. He appealed and argued that the judge allowed prosecutorial misconduct.

The Supreme Court under Justice Scalia found that you cannot be found guilty of distributing drugs causing death when the jury instructions for that crime allow conviction if the heroin "contributed to" death by "mixed drug intoxication" instead of being the sole cause of death.

Defendant Lippold only sold the deceased party in question an amount equivalent to 40 cents of Heroin out of her own stash. However, the toxicology report showed that she had Ketamine, Zanex, Ecstasy, Alcohol and Marijuana in her system.

Lippold as stated by the Supreme Court may not be found guilty because her 40 cents of Heroin only "contributed to" death due to a "mixed drug intoxication" instead of being the sole cause of Death.

Lippold even requested a new toxicology report but her attorney failed to request a second report.

Like Defendant Lippold's case the Medical examiner found traces of many drugs that Curry had ingested. In Lippold's case the deceased had multiple drugs in her case.

Lippold is not a danger to the Community or a flight risk. There are conditions under 3142(g) that can ensure the court of her home confinement.

Lippold has not had any disciplinary reports while being incarcerated has completed LCP - Life Changing Program.

Although she is entitled to one year off for the LCP program she can't have it due to her curve.

Wherefore, Lippold due to the risk of reinfection, needing to care for her dying brother, case law of Burrage and Zullo stating anything is and can be extraordinary and compelling requests this Court to grant her home confinement on a GPS ankle monitor for her remaining 5 years.

Respectfully Submitted,
Kirsten Lippold

Kirsten Lippold
FMC Carswell
P.O. Box 27137
Ft. Worth, TX
76127

| | | |
|---|---|---|
| Nichols Institute, Chantilly | PATIENT INFORMATION<br>**LIPPOLD, KIRSTEN**<br><br>DOB: 08/09/1969   Age: 50Y<br>SEX: F | REPORT STATUS   **Final**<br><br>ORDERING PHYSICIAN<br>**LANGHAM, CHARLES G**<br>CLIENT INFORMATION<br>22978 |
| SPECIMEN INFORMATION<br>SPECIMEN:    CH607495M<br>REQUISITION: 0001925<br>LAB REF NO:  229780001925 | ID: 44265-013<br>PHONE: 817 7824522 | FMC - CARSWELL - CRW<br>BLDG 3000<br>NAVAL AIR STATION J ST<br>FORT WORTH, TX 76127 |
| COLLECTED: 07/07/2020    11:15<br>RECEIVED:  07/08/2020    20:27<br>REPORTED:  07/20/2020    18:11 | | |

COMMENTS:       185201481

| Test Name | In Range | Out of Range | Reference Range | Lab |
|---|---|---|---|---|
| SARS CoV 2 RNA(COVID 19), QL NAAT | | | | AMD |
| **SARS CoV 2 RNA(COVID 19), QL NAAT** | | | | |
| **SARS CoV 2 RNA** | | **Detected** | Not Detected | |

A Detected result is considered a positive test result
for COVID-19. This indicates that RNA from SARS-CoV-2
(formerly 2019-nCoV) was detected, and the patient is
infected with the virus and presumed to be contagious.
If requested by public health authority, specimen will
be sent for additional testing.
CRITICAL VALUE REPORT

Please review the "Fact Sheets" and FDA authorized
labeling available for health care providers and
patients using the following websites:
https://www.questdiagnostics.com/home/Covid-19/HCP/
QuestIVD/fact-sheet.html
https://www.questdiagnostics.com/home/Covid-19/
Patients/QuestIVD/fact-sheet.html

This test has been authorized by the FDA under an
Emergency Use Authorization (EUA) for use by authorized
laboratories.

Due to the current public health emergency, Quest
Diagnostics is receiving a high volume of samples from
a wide variety of swabs and media for COVID-19 testing.
In order to serve patients during this public health
crisis, samples from appropriate clinical sources are
being tested. Negative test results derived from
specimens received in non-commercially manufactured
viral collection and transport media, or in media and
sample collection kits not yet authorized by FDA for
COVID-19 testing should be cautiously evaluated and
the patient potentially subjected to extra precautions
such as additional clinical monitoring, including
collection of an additional specimen.

Methodology:   Nucleic Acid Amplification Test (NAAT)
includes PCR or TMA

Additional information about COVID-19 can be found at
the Quest Diagnostics website:
www.QuestDiagnostics.com/Covid19

LIPPOLD, KIRSTEN - CH607495M                                Page 1 - Continued on Page 2

|  | PATIENT INFORMATION<br>**LIPPOLD,KIRSTEN** | REPORT STATUS **Final** |
|---|---|---|
| Nichols Institute, Chantilly | DOB: 08/09/1969   Age: 50Y<br>SEX: F<br>ID: 44265-013 | ORDERING PHYSICIAN<br>**LANGHAM,CHARLES G** |
| COLLECTED: 07/07/2020   11:15<br>REPORTED:  07/20/2020   18:11 | | |

**Performing Laboratory Information:**

AMD   Quest Diagnostics Nichols Institute 14225 Newbrook Drive Chantilly VA  20151 Laboratory Director: Patrick W Mason, M.D.

LIPPOLD,KIRSTEN - CH607495M                                        Page 2 - End of Report



Name Kirsten Lippold
Reg. No. 44265-013
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

NORTH TEXAS TX P&DC
DALLAS TX 750
5 OCT 2020 PM 5 L

Judge Moore
901 19th St
Denver, CO 80294